[Cite as *State v. Hernandez*, 2026-Ohio-2985.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JUAN J. HERNANDEZ,

    DEFENDANT-APPELLANT.

CASE NO. 1-25-51

OPINION AND
JUDGMENT ENTRY

Appeal from Allen County Common Pleas Court
Trial Court No. CR2024 0302

Judgment Affirmed

Date of Decision: August 3, 2026

APPEARANCES:

    *Max Hersch* for Appellant

    *John R. Willamowski, Jr.* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Juan J. Hernandez ("Hernandez"), appeals the judgment of conviction and sentence entered against him in the Allen County Common Pleas Court following a jury trial in which Hernandez was found guilty of aggravated burglary and felonious assault, both carrying repeat violent offender specifications. For the reasons that follow, we affirm.

*Facts and Procedural History*

{¶2} This case originated on February 13, 2025, when an Allen County Grand Jury indicted Hernandez on one count aggravated burglary in violation of R.C. 2911.11(A)(1), (B), a felony of the first degree; and one count of felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), a felony of the second degree. Both counts included a repeat violent offender specification pursuant to R.C. 2941.149(A). On February 21, 2025, Hernandez pleaded not guilty to both counts in the indictment.

{¶3} On July 8, 2024, a jury trial commenced. Following introductory remarks and the swearing-in of the venire, the trial court began its examination, which resulted in several removals for cause. The prosecutor then initiated the State's voir dire. The prosecutor began with several illustrations exemplifying the concept of "reasonable doubt," followed by brief introductory questions inquiring into the prospective jurors' interests, hobbies, and occupations. Finally, the prosecutor questioned the jurors regarding various legal concepts, including direct versus circumstantial evidence, methods for assessing witness credibility, differing human reactions to trauma, the distinction between

important and trivial facts, the prospective jurors' ability to return a guilty verdict despite potential excuses or justifications for the defendant's conduct, and whether anyone can be the victim of a crime.

{¶4} Counsel for Hernandez then conducted his examination of the venire. In doing so, counsel noted the absence of any "magic formula" or precise science to voir dire, stating that his approach would instead rely upon a "gut feeling" derived from the prospective jurors' responses to the inquiries of the court and counsel. (July 8, 2025 Tr., Vol. I, at 87–88). To that end, defense counsel engaged the prospective jurors in a series of general inquiries. Counsel first requested that the prospective jurors introduce themselves and provide brief background information. This inquiry prompted brief follow-up questions regarding their respective families and hobbies, and permitted counsel to confirm that one prospective juror's prior acquaintance with defense counsel would not impair that juror's ability to remain impartial.

{¶5} Defense counsel next posed a series of what he characterized as "silly goofy questions" designed to elicit impressions of the panel, asking the prospective jurors to identify two items on their personal "bucket lists" of things they would like to accomplish, under the constraints that money was no object and the items could not be philanthropic in nature. (July 8, 2025 Tr., Vol. I, at 98-99). In response, many of the prospective jurors indicated a desire to travel. Finally, operating under the stated assumption that the prospective jurors would approach the trial with fairness and impartiality, counsel requested each individual to identify an attribute that would render them a good juror. After

thanking the venire for their indulgence of his questions, counsel concluded his examination. Ultimately, the defense exercised two peremptory challenges.

{¶6} Following the trial, the jury found Hernandez guilty of both counts and the accompanying specifications. For purposes of sentencing, the trial court merged the offenses and sentenced Hernandez to an aggregate mandatory prison term of 16 to 21.5 years. Hernandez timely appealed.

{¶7} Hernandez raises a single assignment of error for our review.

## Assignment of Error

**Counsel for Hernandez was ineffective for not conducting meaningful voir dire.**

{¶8} In his sole assignment of error, Hernandez argues his trial counsel failed to conduct a meaningful voir dire, thereby violating his constitutional rights to a fair and impartial jury and the effective assistance of counsel. Specifically, Hernandez contends that trial counsel's voir dire was deficient because counsel failed to elicit information regarding potential juror bias or educate the prospective jurors on the law. He further contends the prosecution's voir dire was insufficient to address his specific concerns as a criminal defendant.

### *Standard of Review*

{¶9} In order to establish ineffective assistance of counsel, a defendant must show "'(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that

but for counsel's errors, the proceeding's result would have been different.'" *State v. Rogers*, 2025-Ohio-4794, ¶ 25, quoting *State v. Mundt*, 2007-Ohio-4836, ¶ 62, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694 (1984). "Both the deficient-performance and prejudice prongs must be met for a successful ineffective-assistance claim; neither is individually sufficient." *Id*.

*Analysis*

{¶10} "The conduct of voir dire by defense counsel does not have to take a particular form, nor do specific questions have to be asked." *State v. Evans*, 63 Ohio St.3d 231, 247 (1992). Ohio courts have long recognized that "counsel is in the best position to determine whether any potential juror should be questioned and to what extent." *State v. Murphy*, 91 Ohio St.3d 516, 539 (2001). Indeed, a trial attorney's decision to limit or entirely forgo the questioning of a prospective juror can be a sound tactical choice. *Mundt* at ¶ 65. For instance, where the examination of a prospective juror by the trial court or the prosecutor sufficiently demonstrates to defense counsel that the juror is favorably inclined toward the defense, further inquiry merely risks alienating the juror, prompting the state to exercise a peremptory challenge, or inadvertently establishing a basis for a challenge for cause. *Id.* "Additionally, we give deference to decisions by trial counsel during voir dire because trial counsel sees and hears jurors and is in the best position to determine whether voir dire questions are needed." *State v. Phillips*, 2016-Ohio-3105, ¶ 50 (3d Dist.).

{¶11} Regarding the performance prong of the ineffective assistance of counsel standard, Hernandez highlights the constitutional significance of voir dire and points to the

brief nature of his trial counsel's examination of the venire. However, trial counsel is afforded broad discretion regarding tactics and strategy during jury selection. *See id.* and *Murphy* at 539. The trial court noted this latitude prior to jury selection, observing that "if [defense counsel] didn't want to ask any questions, he wouldn't have to." (July 8, 2025 Tr., Vol. I, at 45). Given the highly discretionary nature of trial counsel's conduct during voir dire, we do not find counsel's performance fell below an objective standard of reasonable representation.

{¶12} As to the prejudice prong, Hernandez argues the Supreme Court of the United States has established that a showing of prejudice is not required when trial counsel is either totally absent or prevented from assisting the accused during a critical stage of the proceeding. *See United States v. Cronic*, 466 U.S. 648, 659, fn. 25 (1984). However, the record reveals trial counsel was present during the entirety of the trial, including voir dire, and was at no point prevented from providing effective representation. Counsel asked probing questions of the prospective jurors and ultimately exercised two peremptory challenges, demonstrating an active exercise of professional judgment. Trial counsel's participation during voir dire does not constitute deficient performance, nor does it establish prejudice, merely because Hernandez would have personally preferred a different approach to jury selection. Therefore, we find *Cronic* is inapplicable to the facts of this case and a showing of prejudice is necessary to succeed on an ineffective assistance of counsel claim. Hernandez's failure to make such a showing defeats the second prong of our analysis.

**{¶13}** Hernandez's assignment of error is overruled.

*Conclusion*

**{¶14}** Having found no error prejudicial to the defendant-appellant in the particulars assigned and argued, the judgment of the Allen County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WALDICK, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Mark C. Miller, Judge


_____
William R. Zimmerman, Judge


_____
Juergen A. Waldick, Judge

DATED:
/jlm